United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 05-30675
_____

JAMES HAROLD MOORE, JR., AND
JIM MOORE INSURANCE AGENCY, INC.,

Plaintiffs-Appellees,

VERSUS

STATE FARM MUTUAL AUTOMOBILE INS. CO.,
STATE FARM LIFE INSURANCE COMPANY,
STATE FARM MUTUAL GENERAL INSURANCE COMPANY and
STATE FARM MUTUAL FIRE & CASUALTY COMPANY,

Defendants-Appellants.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
2:03-CV-2390

_____

Before JONES, Chief Judge and DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

State Farm filed this interlocutory appeal under 28 U.S.C. §
1292 challenging as an improvidently issued injunction the order
entered by the district court in this dispute between State Farm and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its former agent, James Harold Moore, Jr. and the Jim Moore Insurance Agency, Inc. (Moore).

As part of the dispute between State Farm and its former agent, Moore, Moore filed a motion for injunctive relief seeking a preliminary injunction against State Farm on a variety of issues. The court denied Moore's application for an injunction except as to relief sought under paragraphs (A) and (C) of the motion.

Paragraph A sought to prohibit State Farm from interfering ". . . in the right of Moore and/or Moore Agency to conduct insurance agency business as licensed insurance agents in the State of Louisiana." Because State Farm did not challenge the relief requested under this paragraph in the district court, any error claimed in relation to the injunction under Paragraph A was not preserved and the district court's order on this point is affirmed.

Consequently the issue on appeal narrows to the propriety of the district court's order "granting in part" part C of Moore's motion for injunctive relief. Paragraph C sought to prohibit State Farm from "restraining . . . the use by individual customers of their name, address, or policy information which State Farm contends is 'trade secrets' that have been released to third parties, . . . and are therefore no longer subject to any claim of trade secrecy." The only relief Moore sought under paragraph C was to prohibit State Farm from restraining the use by individual customers of their own policy information.

2

In ruling on this request, the court made several statements and issued orders, the effect of which are not entirely clear. First, the district court concluded that "the names, addresses and general policy information of State Farm's insureds belong to the insureds. Each insured may disclose that information at will, and to anyone for any purpose." To the extent this statement in the district court's ruling grants injunctive relief prohibiting State Farm from interfering with the insureds' use of their own information, questions arise as to Moore's standing to seek the requested injunction that affects not him, but the individual insureds who are not parties to this litigation.

The court then turned to a discussion of Moore's contention that the policy information was not a trade secret. The court concluded that because State Farm released the information to multiple sources and the policy information is available in many public records, the policy information was not a trade secret. The district court's order does not explain why a finding that policyholder information is not a trade secret of State Farm is relevant to the requested injunction that relates only to the use by individuals of their own "name, address, or policy information." The thrust of State Farm's argument was that Moore could not use the policy information he collected on State Farm customers because this information was a trade secret.

Relatedly, the district court explicitly elected not to "address plaintiff's request for injunctive relief prohibiting State

3

Farm from enforcing the contractual provisions that prohibit plaintiffs from using that [policy] information to solicit business from State Farm's insureds . . . . That is an issue of contract interpretation for which plaintiffs have a monetary remedy, and for which injunctive relief is not appropriate. The issue must be referred to a trial on the merits of the claim." This portion of the order is not responsive to the request made by Moore in Paragraph C to prohibit State Farm from interfering with the insured's use of their own policy information. In any event it grants no injunctive relief to Moore. According to Black's Law Dictionary, 5th Edition, an injunction is a "prohibitive, equitable remedy . . . forbidding [a party] to do some act . . . which he is threatening or attempting to commit, or restraining him in the continuance thereof, such act being unjust and inequitable, injurious to the plaintiff, and not such as can be adequately redressed by an action at law." The only basis for our jurisdiction over this appeal by State Farm of the district court's interlocutory orders is 28 U.S.C. § 1292, which applies only to orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." Accordingly, to the extent that State Farm challenges the injunction issued by the district court under Paragraph A of Moore's Motion for Injunction, we affirm that portion of the district court's order because State Farm failed to preserve the error by raising an objection in the district court.

We vacate the district court's order in response to Moore's Motion for Injunction as to Paragraph C and remand this case to the district court to clarify its order and specify what, if any action State Farm must take or refrain from taking with respect to interfering with the insured's use of their own policy information. If the court intended to enjoin State Farm from such interference as requested by Moore, the district court should consider whether Moore has standing to make the request on behalf of the insureds.

AFFIRMED in part, VACATED in part, REMANDED.